# COLLECTIVE EXHIBIT A



**STATE OF TENNESSEE**
**Tre Hargett, Secretary of State**
Division of Business Services
William R. Snodgrass Tower
312 Rosa L. Parks AVE, 6th FL
Nashville, TN 37243-1102

BADEJO, ELAINE
206 39TH AVE., SW A3
PUYALLUP, WA 98373

12/03/2015

RE: HERB WILSON

VS: ELAINE BADEJO BADEJO INS. AGENCY FARMERS INS. CO. OF WASHINGTON, MERCER IS, WA FOREMOST INS. CO.

## Notice of Service

The enclosed process, notice or demand is hereby officially served upon you by the Tennessee Secretary of State pursuant to Tennessee law. Please refer to the process, notice or demand for details concerning the legal matter. If you have any questions, please contact the clerk of the court that issued the process, notice or demand.

The process, notice or demand may have a court date and time that you must appear to defend yourself or the number of days from the date of service by which you are required to file an answer. Failure to appear in court at the time specified or failure to file an answer in the given time could result in a default judgement being rendered against you for relief sought in the lawsuit.

The Secretary of State's office cannot give you legal advice. If you need legal advice, please consult a private attorney.

*Tre Hargett*
Tre Hargett
Secretary of State

Enclosures: Original Documents

**DOCUMENT INFORMATION**
SOS Summons #: 02283213
Case #: 15C1354
Certified #: 70150640000395557793

SS-4214 (Rev. 8/15)

RDA 1003

# State of Tennessee
## IN THE CIRCUIT COURT FOR HAMILTON COUNTY

**HERB WILSON**
    **PLAINTIFFS**
VS.

DOCKET NO. 15C1354

**ELAINE BADEJO**
**BADEJO INSURANCE AGENCY**
**FARMERS INSURANCE COMPANY OF WASHINGTON, MERCER IS, WA**
**FOREMOST INSURANCE COMPANY**
    **DEFENDANTS**

## SUMMONS

TO DEFENDANT: Elaine Badejo

WHOSE ADDRESS IS: 206 39th Ave., SW A3, Puyallup, Washington 98373

OTHER SERVICE INFORMATION: Serve via Tennessee Secretary of State

You are summoned and required to Answer and make defense to a Complaint herewith served upon you. Your Answer to the Complaint must be filed and served upon plaintiff's attorney on or before thirty (30) days after service of this Summons and Complaint upon you, exclusive of the day of service. Your Answer must be filed in the OFFICE OF THE CIRCUIT COURT CLERK, 625 Georgia Avenue, Room 500 Courthouse, Chattanooga, Tennessee 37402. You are also required to serve a copy of your Answer upon the plaintiffs' attorney, as set out below. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

ISSUED & TESTED this 16 day of November, 20 15

LARRY I. HENRY, CLERK

By: _____
    DEPUTY CLERK

SAMUEL T. QUATTROCHI     025644
Plaintiffs' Attorney            BPR#

801 Broad Street, Suite 428, Chattanooga, TN 37402
Address

423-800-2348                423-267-5915
Tel. NO.                        Fax NO.

**NOTICE TO DEFENDANT(S)**
Tennessee Code Annotated § 26-2-103 provides a $10,000.00 personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk. The list may be filed at any time and may be changed by you thereafter as necessary; however unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you, would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

# State of Tennessee,
## County of Hamilton

I, Larry L. Henry, Clerk of the Circuit Court, in and for the State and County aforesaid, hereby certify that the within and foregoing is a true and correct copy of the original writ of summons issued in this case.

Larry L. Henry, Circuit Court Clerk

By _____ D.C.

## OFFICERS RETURN

I certify that I served this summons together with the complaint as follows:

☐ On, _____, 20 _____, I delivered a copy of the summons and complaint to the defendant, _____

_____

☐ Failed to serve this summons within 90 days after the issuance because: _____

_____

Hamilton County Sheriff

_____
Deputy Sheriff

## CLERK'S RETURN

I hereby acknowledge and accept service of the within summons and receive copy of same, this _____ day of _____ 20 _____.

_____
Defendant

Larry L. Henry, Circuit Court Clerk

By _____ D.C.

### Notice to Defendant(s)

Tennessee law provides a ten thousand ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

IN THE CIRCUIT COURT FOR HAMILTON COUNTY, TENNESSEE

HERB WILSON,
    Plaintiff,

v.

ELAINE BADEJO,
BADEJO INSURANCE AGENCY,
FARMERS INSURANCE COMPANY of
    WASHINGTON, MERCER IS, WA
FOREMOST INSURANCE COMPANY,
    Defendants.

Docket No. 15C1354

Div. ___

JURY DEMAND

## COMPLAINT

Now comes Herb Wilson, by and through counsel and does for his Complaint aver:

## JURISDICTION

1. At all times pertinent to this lawsuit, Plaintiff was a resident of Hamilton County, Tennessee.

2. Defendant, Elaine Badejo (hereinafter, "Agent"), operates her business, Badejo Insurance Agency (hereinafter, "Agency") at 206 39th Ave SW A3, Puyallup, Washington 98373.

3. A search of the State of Washington's registry do not reveal a Registered Agent for the Agent and Agency and thus they may be served with process via the Tennessee Secretary of State at 206 39th Ave SW A3, Puyallup, Washington 98373.

4. Agent holds herself and her Agency out to the public as agents for Farmers Insurance.

5. Defendant, Farmers Insurance Company of Washington, Mercer Is, WA (hereinafter, "Farmers"), is an insurance carrier and has as its office address of 23175 NW Bennett St., Hillsboro, OR 97124.

6. Farmers may be served via the Commissioner of Insurance at Insurance Building, Olympia, Washington 98504.

7. Defendant, Foremost Insurance Company (hereinafter, "Foremost") is a subsidiary or affiliated company of Farmers and has as its home office, 5600 Beech Tree Lane, Caledonia, Michigan 49316.

8. Foremost may be served via the Commissioner of Insurance on its registered agent, Paul D. Yared at 5600 Beech Tree Lane, Caledonia, Michigan 49316.

9. This action was first brought in this Court under docket number 14C919. The action was removed to federal court by the Defendants, whereon it was nonsuited on or about December 5, 2014. This was the first and only nonsuit taken by the Plaintiff in this matter.

## FACTS

10. In or about January 2013, Plaintiff purchased automobile liability insurance with Farmers via Agent and the Agency on a 1986 Honda Civic automobile (hereinafter, "Honda").

11. Farmers issued policy number 79 19373-17-12 on the Honda (hereinafter, "Honda Policy").

12. On or about May 20, 2013 Plaintiff purchased a 1978 Apollo motorhome (hereinafter, "Apollo").

13. On or about May 23, 2013 Plaintiff applied for insurance for the Apollo via Agent and her Agency.

14. Foremost issued policy number 255-0073506918 on the Apollo (hereinafter, "Apollo Policy") and said policy was to be renewed every six (6) months thereafter.

15. Thereafter, Plaintiff moved from Washington to Tennessee.

16. Immediately after relocating to Tennessee, Plaintiff gave Agent and Agency notice of his change of address from Washington to Tennessee.

17. Plaintiff paid monthly premiums to Farmers and/or Foremost via automatic bank draft.

18. Plaintiff used the Apollo as his primary residence and it contained all of Plaintiff's personal possessions.

19. In July, 2013, Plaintiff requested Agent and Agency procure for him increased insurance on both the Honda and the Apollo from liability coverage to include full comprehensive coverage.

20. It was Plaintiff's intent to secure the full comprehensive coverage on the vehicles before going on his next out-of-town trip and Plaintiff communicated this intention to the Agency.

21. Agent and/or the Agency processed Plaintiff's request and sent him paperwork to his Hixson, Tennessee Post Office Box for Plaintiff to complete and return to effectuate the change in coverage

22. Plaintiff received the paperwork, completed it and returned the same to Agent and Agency via U.S. Mail.

23. Plaintiff specifically asked the Agency if his coverage was effective immediately and the Agency assured him that it was.

24. It was Plaintiff's understanding from his conversation with the Agency that his full comprehensive coverage was immediately effective upon his completion and return of the paperwork.

25. On July 29, 2013, Plaintiff began a trip to Ohio to visit his sister. On said trip, Plaintiff drove the Apollo with the Honda in tow.

26. On July 29, 2013, in or near Corbin, Kentucky, a fire began in the back part of the Apollo. Plaintiff was able to stop the Apollo, but it was soon engulfed in flames. The fire spread to the Honda. Both vehicles were lost.

27. All of Plaintiff's personal possessions were contained in the Apollo and/or the Honda, and they were lost in the fire.

28. On the day of loss, Plaintiff called the Agency to make a claim of loss for the Apollo, the Honda, and all of his personal property.

29. The Agency told Plaintiff that all of his personal property in the Apollo would be covered by the comprehensive coverage on the Apollo, in addition to coverage for the loss of the vehicles.

30. The Agency directed Plaintiff to speak to an adjuster for Farmers and/or Foremost.

31. Plaintiff spoke with two adjusters, one for the claim on the Honda and one for the claim on the Apollo.

32. After some time passed, Plaintiff was informed by Farmers that the loss of the Honda was covered, but that the Apollo was not.

33. This was the first point in time that Plaintiff discovered that he did not have comprehensive coverage for the Apollo.

34. A short time after that, Plaintiff was informed by Farmers that he did not have comprehensive coverage on the Honda, either, and thus both claims were denied.

35. This was the first point in time that Plaintiff discovered that he did not have comprehensive coverage on the Honda.

CAUSE OF ACTION: Failure to Procure

36. Plaintiff incorporates the allegations in paragraphs 1 through 35 by reference as if restated verbatim herein.

37. The Agent and/or the Agency expressly agreed to procure comprehensive insurance coverage on the Honda and Apollo for the Plaintiff.

38. The Agent and/or the Agency expressly informed Plaintiff that they had, in fact, procured comprehensive insurance coverage on the Honda and Apollo for Plaintiff.

39. The Agent and/or the Agency failed to use reasonable diligence to place the insurance on the Honda and Apollo for the Plaintiff as promised.

40. The Agent and/or the Agency failed to use reasonable diligence to promptly notify Plaintiff of its failure to place the promised insurance.

41. By sending Plaintiff paperwork purporting to be used for acquiring the requested coverage and expressly informing Plaintiff that he was covered with the

requested coverage, the Agent's and/or the Agency's action warranted the Plaintiff's assumption that he was properly insured.

42. The Agent and Agency are liable for their failure to procure the requested insurance and/or their failure to notify Plaintiff when they failed to procure the requested insurance.

CAUSE OF ACTION: Negligent Misrepresentation

43. Plaintiff incorporates the allegations in paragraphs 1 through 42 by reference as if restated verbatim herein.

44. Plaintiff sought comprehensive coverage for his Honda and Apollo.

45. Plaintiff had previously used Agent and the Agency to procure automobile insurance for Plaintiff.

46. Agent, through her Agency, provided information to Plaintiff indicating to Plaintiff that the requested coverage had been procured and was in effect.

47. Upon information and belief due to the denial of the existence of the coverage by the Farmers, the information the Plaintiff was given by Agent and/or the Agency was false.

48. The Agent and her Agency did not exercise reasonable care in obtaining or communicating the information to the Plaintiff.

49. The Plaintiff reasonably relied on the information from the Agent and the Agency to his detriment.

50. The Agent and Agency are liable to the Plaintiff for damages caused by their negligent misrepresentation as to the Plaintiff's insurance coverage, or lack thereof.

## CAUSE OF ACTION: Breach of Fiduciary Relationship

51. Plaintiff incorporates the allegations in paragraphs 1 through 50 by reference as if restated verbatim herein.

52. Plaintiff is a lay person in regards to insurance coverage and placed his trust in the expertise of Agent and the Agency.

53. The Agent and the Agency make it their business to undertake to assume the responsibility for the insurance affairs of the consumers, including the Plaintiff.

54. The Agent and the Agency are imposed with a duty to act for and give advice for the benefit of the Plaintiff on matters within the scope of that relationship, namely with regard to his insurance coverage.

55. The Agent and the Agency, by their failure to procure the requested and promised insurance and failure to inform the Plaintiff of such failure breached their duty.

56. As such, the Agent and the Agency are liable to the Plaintiff for their breaches of fiduciary duty.

## CAUSE OF ACTION: Breach of Contract

57. Plaintiff incorporates the allegations in paragraphs 1 through 56 by reference as if restated verbatim herein.

58. On the date of loss, Plaintiff held policies with the Defendant Farmers and Foremost for coverage of his Honda and Apollo, respectively.

59. In July 2013, Plaintiff modified the policies by agreement with Agent and the Agency to increase the coverage on the vehicles from liability or comprehensive, only, to comprehensive coverage.

60. On or about July 23, 2013, Plaintiff notified Agency of his loss. The Agency directed Plaintiff to contact adjusters for the Farmers and/or Foremost.

61. Plaintiff notified Farmers and/or Foremost of the loss and made a claim on both vehicles.

62. Farmers and Foremost have since denied the existence of comprehensive coverage on the vehicles and consequently denied the claim in breach of the modification of the policies.

63. In the event that it is determined that the Agent and/or Agency did, in fact, bind the requested coverage for the Plaintiff, then Farmers and Foremost should be estopped from denying coverage due to the actions of the Agent and/or the Agency, and Farmers' and Foremost's denial of coverage is a breach of the insurance policies.

64. The Plaintiff suffered damages as a result of the breach of the contracts for insurance.

65. The Defendants are liable jointly and severally for the damages the Plaintiff suffered due to the breach of the contracts.

CAUSE OF ACTION: Violation of

the Tennessee Consumer Protection Act

66. Plaintiff incorporates the allegations in paragraphs 1 through 65 by reference as if restated verbatim herein.

67. Plaintiff is a person who sought to acquire by purchase insurance from and/or through the Agent and Agency.

68. The Agent and/or Agency offered the insurance to the Plaintiff through their advertising and the direct communications with the Plaintiff.

69. The transaction between the Plaintiff and the Agent and Agency fall under this definition of "trade", "commerce" and "consumer transaction" in the Tennessee Consumer Protection Act.

70. The Agent and the Agency engaged in an unfair and deceptive act in that they told Plaintiff that they had procured the requested coverage, when in fact they had not.

71. The Agent and the Agency further engaged in an unfair and deceptive act in that they failed to timely notify Plaintiff of their failure to procure the requested coverage.

72. The deceptive actions of the Agent and Agency caused Plaintiff to suffer an ascertainable loss of property, namely insurance coverage for the loss of the Honda and Apollo.

73. The Agent and Agency are liable for damages the Plaintiff suffered due to their actions, which were violations of the Tennessee Consumer Protection Act.

PRAYER FOR RELIEF

74. WHEREFORE, premises considered, the Plaintiff prays for the following:
    a. For summons to issue against the Defendants and for the Defendants to bring an answer to the allegations in the Complaint or have a default judgment entered against them.

b. For the Court to find that comprehensive coverage existed for the losses or in the alternative to find that the Agent and Agency failed to bind coverage despite their promises to do so.

c. For the Court to award the Plaintiff a judgment in an amount to not exceed $75,000.00.

d. For the Court to award costs, attorney's fees and any other relief to which he may be entitled.

Respectfully submitted,

By: /s/ Samuel T. Quattrochi

SAMUEL T. QUATTROCHI
Tenn. BPR No. 025644
*Attorney for the Plaintiff*
801 Broad St., Suite 428
Chattanooga, TN 37402
423-800-2348
423-267-5915 (fax)