UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| HERB WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-2-SKL |
| | ) | |
| | ) | |
| ELAINE BADEJO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

The parties were asked to address whether the Court has subject matter jurisdiction over this matter, in particular whether this action meets the "amount in controversy" requirement for removal and the exercise of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). The Court has considered the parties' arguments concerning this issue and, for the reasons that follow, the Court will **REMAND** this action to state court.

I.   PROCEDURAL BACKGROUND

On November 16, 2015, Plaintiff Herb Wilson ("Plaintiff") filed a complaint in the Circuit Court for Hamilton County, Tennessee, asserting claims against Defendants Elaine Badejo, Badejo Insurance Agency, Farmers Insurance Company of Washington, and Foremost Insurance Company (collectively "Defendants") for failure to procure, negligent misrepresentation, breach of fiduciary relationship, breach of contract, and violations of the

Tennessee Consumer Protection Act ("TCPA") [Doc. 1-1].[1] Plaintiff limited the judgment requested in his complaint to "an amount to not exceed $75,000.00" [Doc. 1-1 at Page ID # 18].[2] Defendants removed the action to this Court on January 6, 2016. Defendants' Notice of Removal states that removal is proper pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between Plaintiff and Defendants and "[a]s set forth in Plaintiff's demand for monetary relief in the Complaint, the amount in controversy exceeds $75,000.00" without any further explanation [Doc. 1 at Page ID # 2]. Plaintiff did not file a motion to remand.

In January 2017, Plaintiff filed a response to Defendants' partial motion for summary judgment. The response raised to the Court's attention the amount in controversy. As the Court is under a continuing obligation to ensure it has subject matter jurisdiction over the cases before it and can raise the issue of jurisdiction *sua sponte* at any time during the pendency of a case, *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l., Ltd.,* 556 F.3d 459, 465 (6th Cir. 2009), the Court issued an order on February 2, 2017, directing the parties to address subject matter jurisdiction [Doc. 25].

---

[1] In 2014, Plaintiff filed a complaint against Defendants in the Circuit Court for Hamilton County, Tennessee, which Defendants removed to this Court [Doc. 28 at Page ID # 197-98; Doc. 1 in Case No. 1:14-cv-264]. The 2014 complaint asserted the same causes of action and requested damages in the amount of $100,000.00 plus treble damages pursuant to the TCPA. Defendants filed a motion to dismiss the TCPA claim as statutorily barred, which was not ruled on because the parties filed a stipulation of dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). Without any opposition asserted by Plaintiff, on April 8, 2016, this Court granted Defendants' partial motion to dismiss the TCPA claim asserted against Defendants in the pending complaint [Doc. 17].

[2] In his prayer for relief, Plaintiff prays "the Court to award the Plaintiff a judgment in an amount to not exceed $75,000.00" and also prays for an award of "costs, attorney's fees and any other relief to which [Plaintiff] may be entitled" [Doc. 1-1 at Page ID # 18, ¶¶ 74.c. & d.]. Contrary to Defendants' assertion, Plaintiff has not requested treble damages under the TCPA in this complaint or alleged a bad faith claim [Doc. 28 at Page ID # 198; Doc. 29 at Page ID # 202, 205]. Plaintiff argues that "[t]he only way to read [his] Complaint is that he expects damages not to exceed $75,000" [Doc. 29 at Page ID # 202].

Defendants have responded that this Court has subject matter jurisdiction and should follow *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868 (6th Cir. 2000) [Doc. 28].[3] Plaintiff has responded that the Court does not have subject matter jurisdiction and has filed a stipulation to clarify, to the extent necessary, and show that his judgment will not exceed the $75,000.00 jurisdictional limit [Docs. 29 & 29-1].[4]

## II. ANALYSIS

Diversity jurisdiction under 28 U.S.C. § 1332 requires that the amount in controversy must "exceed[] the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Typically, "[i]f removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938) ("If [plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove.").

"A disclaimer in a complaint regarding the amount of recoverable damages does not

---

[3] More specifically, Defendants argue that the Court should follow the approach of *Baldori v. Delta Air Lines, Inc.*, No. 1:11-CV-102, 2011 WL 1212069 (W.D. Mich. Mar. 29, 2011), and find that *Rogers* was not abrogated by *Powerex Corp. v. Reliant Energy Servs.*, 551 U.S. 224 (2007), and instead limit *Rogers* to its specific facts, which Defendants argue are applicable to this case [Doc. 28 at Page ID # 197]. In *Baldori*, the plaintiff filed a post-removal stipulation that his damages did not exceed $75,000.00 and requested remand to state court. The district court distinguished the matter from *Rogers* because the plaintiff's stipulation did not contradict any previous statement by the plaintiff regarding the value of his damages. *Baldori*, 2011 WL1212069, at *3. In that complaint, the plaintiff had requested unspecified damages in excess of $25,000.00 but did not request treble damages. The plaintiff had never claimed damages in excess of $75,000.00 and his stipulation clarified his claim rather than reduced it. *Id.* The court granted the plaintiff's motion to remand for lack of diversity jurisdiction.

[4] Plaintiff also relies on *Baldori* in support of his arguments for remand. Plaintiff argues that like in *Baldori*, his stipulation merely clarifies his claimed damages and is not an attempt to reduce the amount pled [Doc. 29 at Page ID # 204].

preclude a defendant from removing the matter to federal court upon a demonstration that damages are 'more likely than not' to 'meet the amount in controversy requirement,' but it can be sufficient absent adequate proof from defendant that potential damages actually exceed the jurisdictional threshold." *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 407 (6th Cir. 2007) (quoting *Rogers,* 230 F.3d at 871). A defendant removing a case to federal court on the basis of diversity jurisdiction has the burden of proving the jurisdictional requirements exist at the time of removal. *Rogers*, 230 F.3d at 871. Because federal courts are courts of limited jurisdiction, they resolve doubts regarding their jurisdiction by favoring remand. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549–50 (6th Cir. 2006) ("Because lack of jurisdiction would make any decrees in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand.").

Although Defendants correctly point out that jurisdiction is determined at the time of removal, remand is nevertheless warranted in this instance. Section 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Further, as the Supreme Court held in *Powerex Corp. v. Reliant Energy Servs.*, 551 U.S. 224 (2007)*,* section § 1447(e) supports that a case can suffer from a failing in subject matter jurisdiction that requires remand even if the case was properly removed. *Powerex*, 551 U.S. at 232. For the reasons set forth herein, the Court **FINDS** that diversity jurisdiction is lacking in this case so that removal was improper under 28 U.S.C. § 1441.

Defendants have the burden of proving that removal is proper, and removal will generally be improper if, on the face of the complaint, a plaintiff states a claim for less than $75,000.00. *See Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 157 (6th Cir. 1993) *abrogated on other grounds by*

4

*Hertz Corp. v. Friend*, 559 U.S. 77 (2010). In their January 6, 2016 notice of removal, Defendants' justification for how Plaintiff met the $75,000.00 jurisdictional threshold was to state "[a]s set forth in Plaintiff's demand for monetary relief in the Complaint, the amount in controversy exceeds $75,000.00 pursuant to 28 U.S.C. § 1332(a)." [Doc. 1 at Page ID # 2]. However, in his complaint, Plaintiff actually limited any award to an amount *not to exceed* $75,000.00 [Doc. 1-1 at Page ID # 2].

Defendants now appear to rely on Plaintiff's Rule 26 initial disclosures that Defendants state were provided to them on February 16, 2016, to support their position that Plaintiff met the jurisdiction threshold at removal [Doc. 28 at Page ID # 198]. As represented by Defendants, Plaintiff claimed the following damages in his Rule 26 disclosures: $7,500 for the 1978 Apollo RV; $2,000 for the 1986 Honda automobile; $35,000 for the personal property in the RV; $10,000 for out-of-pocket expenses; an amount of damages to be determined under the TCPA; and an award of attorneys' fees and expenses [*id.*]. Also on February 16, 2016, Defendants filed a partial motion to dismiss Plaintiff's claims under the TCPA [Doc. 13]. Defendants argued that Plaintiff's TCPA claim was not legally viable because it was statutorily barred by Tenn. Code Ann. § 56-8-113, which eliminates the TCPA as a viable cause of action for disputes arising from the insurer-insured relationship. The Court, concluding that Plaintiff's TCPA claim was statutorily barred by Tenn. Code Ann. § 56-8-113, dismissed the TCPA claim on April 8, 2016 without any opposition from Plaintiff [Doc. 17].

Defendants have failed to show how Plaintiff legally is entitled to recover any damages beyond "an amount not to exceed $75,000" and the Rule 26 disclosures do not suggest otherwise. At the time of removal, Defendants could not argue in good faith that treble damages under the TCPA and/or attorneys' fees under the TCPA proved "more likely than not" that

5

removal was proper even though Plaintiff limited the judgment sought to an amount not to exceed $75,000.00. Defendants have not provided any proof or facts showing that the amount in controversy was "more likely than not" above the $75,000.00 limit pled in Plaintiff's complaint.

Defendants further argue that the Court should look to the amount in controversy set forth in Plaintiff's initial complaint which was removed by Defendants to this Court on September 4, 2014 from the Circuit Court for Hamilton County, Tennessee and was ultimately voluntarily dismissed by the parties on December 5, 2015 pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) [Doc. 28 at Page ID # 197-98]. In that action, Plaintiff asserted the same causes of action as in the matter currently pending before this Court but sought damages in the amount of $100,000.00 along with treble damages under the TCPA [*id.*; Doc. 1-1 in Case No. 1:14-cv-264]. Defendants rely on *Rogers* in which the plaintiff initially filed an action in state court seeking more than $900,000.00 in damages; after removal to federal court, the action was dismissed; and the plaintiff filed a new action in state court seeking an amount not to exceed $75,000.00. In *Rogers*, the defendant relied on the facts that the plaintiff's original action had sought almost $1 million in damages and that plaintiff had made sworn responses to discovery in the original action that her damages exceeded $447,000 to meet its burden for removal. *Rogers*, 230 F.3d at 871. The district court found that these facts made it more likely than not that the amount in controversy exceeded $75,000.00 regardless of the amount stated in the re-filed complaint. *Id.* The Court of Appeals for the Sixth Circuit upheld the district court and determined that the facts did not require remand to state court.

Here, the facts are inapposite to *Rogers* because Defendants have not asserted any facts that make it more likely than not that the amount in controversy in this matter ever legally could have exceeded the $75,000.00 jurisdictional threshold. Thus, the Court **CONCLUDES**

6

Defendants did not meet their burden of proving that the amount in controversy exceeded $75,000.00 at the time of removal. As diversity jurisdiction does not exist, removal of this action was not proper, and thus remand to state court is proper under 28 U.S.C. § 1447(c).[5]

Alternatively, considering solely for purposes of argument that removal was proper, Plaintiff has filed a post-removal damages stipulation identifying and clarifying the total amount of damages of $54,500.00 that he is seeking [Doc. 29-1]. In the stipulation (and in the summary judgment filings), Plaintiff explains that his only known damages arising out of this matter are $7,500.00 for his 1978 Apollo RV; $2,000.00 for his 1986 Honda automobile; $35,000.00 for the personal property contents in the RV and automobile; and $10,000.00 for out-of pocket expenses [*see e.g.,* Doc. 29-1 at Page ID # 207]. There has been some debate among courts as to whether a post-removal stipulation can divest jurisdiction. Plaintiff says his stipulation merely clarifies his complaint and the language stating that Plaintiff is limited to a judgment not to exceed $75,000.00, but even if it was considered to be a post-removal lowering of his prayer for relief, remand would be proper under the weight of authority in the Eastern District of Tennessee.

In *Rogers*, the Sixth Circuit stated that "a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand to state court." 230 F.3d at 872. Subsequently, the United States Supreme Court held in *Powerex* that § 1447(e)

---

[5] Defendants argue that Elaine Badejo ("Defendant Badejo"), who has been sued personally, has an interest in seeing this matter concluded in a timely manner [Doc. 28 at Page ID # 198 n.2]. Remanding this matter to state court will not prejudice Defendant Badejo. Plaintiff has filed a sworn-stipulation limiting his damages, which will be binding on Plaintiff going forward. Furthermore, "[l]ack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation. . . . A court lacking jurisdiction cannot render judgment but must dismiss the cause *at any stage* of the proceedings in which it becomes apparent that jurisdiction is lacking." *Sweeton v. Brown*, 27 F.3d 1162, 1169 (6th Cir. 1994) (Contie, J., concurring) (quoting *United States v. Siviglia*, 686 F.2d 832, 835 (10th Cir. 1981) (emphasis in original). In short, chances are far greater that Defendant Badejo risks wasted resources and time if further proceedings are allowed to take place and lack of jurisdiction is raised at, or post, trial.

7

"unambiguously demonstrates that a case can be properly removed and yet suffer from a failing in subject matter jurisdiction that requires remand." 551 U.S. at 232. Many courts in the Sixth Circuit, including courts in the Eastern District of Tennessee, have held that *Powerex* abrogated *Rogers* to the extent that a plaintiff's post-removal *ad damnum* amendment to below the jurisdictional threshold divests the Court of subject matter jurisdiction. *See, e.g.*, *Roberts v. A&S Building Sys., L.P.*, No. 3:07-cv-413, 2008 WL 220627 (E.D. Tenn. Jan. 25, 2008) (holding that *Powerex*, 551 U.S. 224, abrogated *Rogers*, 230 F.3d 868); *Captain v. Wal-Mart Stores East, Inc.*, No. 10-501-HJW-JGW, 2010 WL 4875702, at *1 (S.D. Ohio Oct. 7, 2010) (acknowledging that *Rogers* was abrogated by *Powerex* and granting remand after Plaintiff's stipulation that her total damages cannot exceed $75,000); *Stratton v. Konecranes, Inc.*, No. 5:10-CV-66-KSF, 2010 WL 2178544, at *3 (E.D. Ky. May 28, 2010) (denying remand but acknowledging that *Rogers* was abrogated by *Powerex*). *But see Baldori v. Delta Air Lines, Inc.*, No. 1:11-cv-102, 2011 WL 1212069 (W.D. Mich. Mar. 29, 2011) (discussing a split among district courts in the Sixth Circuit as to whether *Rogers* was abrogated by *Powerex*).

Accordingly, even if this action was properly removed to this Court, the Court **FINDS** that, based on the language in Plaintiff's complaint and his stipulation, Plaintiff clearly intended to limit his judgment to an amount below the jurisdictional threshold and there is no legal basis asserted for awarding him more. *See Roberts*, 2008 WL 220627, at *2 ("Because plaintiff now stipulates that she will limit all damages to $75,000, irrespective of the language used or how unclear the complaint was, this court now finds that the threshold amount in controversy required to establish jurisdiction under § 1332 is not met, and this court cannot retain the case on that basis."). Because the amount in controversy is below the $75,000.00 jurisdictional threshold, diversity jurisdiction is absent and the Court does not have subject matter jurisdiction over this

matter. Accordingly, remand to state court is proper under 28 U.S.C. § 1447(c).

## III. CONCLUSION

For the foregoing reasons, the Court **REMANDS** this case to state court. The Court **DIRECTS** the Clerk of Court to **REMAND** and **CLOSE** the case.

SO ORDERED.

ENTER:

                                                               s/ *Susan K. Lee*
                                                               SUSAN K. LEE
                                                               UNITED STATES MAGISTRATE JUDGE